**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| KOI GROUP, INC., a Nevada Corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>KOKA, LLC, d/b/a KOI SUSHI BAR & GRILL, an Arizona limited liability company, DENNY KANG an individual, LENA KO, an individual, doing business as KOI SUSHI BAR & GRILL, and DOES 1-10, inclusive,<br><br>          Defendants. | No. CV 08-0709-PHX-MHM<br><br>**ORDER** |

On April 10, 2008, the KOI GROUP, Inc. ("Plaintiff") filed a complaint against KOKA, LLC an Arizona limited liability company, Denny Kang, and Lena Ko, doing business as Koi Sushi Bar & Grill, asserting claims of federal trademark infringement (Count I), federal unfair competition (Count II), federal dilution of famous mark (Count III), Arizona dilution and trademark infringement (Count IV), Arizona and common law trademark dilution (Count V), cyberpiracy (Count VI), and accounting (Count VII). (Complaint, Dkt. #1, pp. 6-10). Defendants KOKA, LLC and Denny Kang (collectively "Defendants") failed to respond to the Complaint and on July 14, 2008, the Clerk entered

1  an order of default against them pursuant to Federal Rule of Civil Procedure 55(a).  (Dkt.
2  #15).  Plaintiff has now moved for default judgment.[1]

## I. BACKGROUND & PROCEDURAL HISTORY

4    Plaintiff is the owner of a number of federal and state trademark registrations on the
5  KOI name for predominately restaurant services.  (Dkt. #17, p. 2).  Plaintiff's KOI
6  trademarks, service marks, and trade names are represented by several registered and
7  pending marks with the United States Patent and Trademark Office ("USPTO") including:
8  United States Registration Nos. 2950303 (restaurant services), 2946808 (restaurant
9  services), 2961393 (restaurant services), 2976272 (clothing), 2970473 (sake beverages),
10 and United States Application No. 78455283 (Japanese cuisine).  (Dkt. #11, p. 3).  In
11 addition, Plaintiff is the owner of a registered service mark with the State of California, as
12 well as the registered domain names <koirestaurant.com> and <koilounge.com>
13 (collectively referred to herein as "KOI Marks").  (*Id*.).

14   Since 2002, Plaintiff has continuously used the KOI Marks in commerce to promote
15 its restaurant-related goods and services.  (Dkt. #17, p. 2).  Plaintiff asserts the KOI Marks
16 have become highly distinctive and famous, both nationally and in the state of California,
17 attracting locals, tourists, and celebrities alike.  (*Id*.).

18   Plaintiff claimed learning of Defendants infringement in July 2007.  (*Id*., p. 3).
19 Defendants began to advertise and to promote themselves and their restaurant under the
20 name "Koi Sushi Bar & Grill," supposedly only after the KOI Marks became famous
21 throughout the United States.  (*Id*.).  Plaintiff believes that Defendants restaurant
22 establishment is of substantially inferior quality to Plaintiff's KOI RESTAURANT, and as
23 a result, its KOI Marks will be diluted and Plaintiff will suffer negative consequences.
24 (*Id*.).

---

[1] Although Plaintiff's motion also seeks default against Lena Ko, the Clerk's July 14, 2008 order of default does not include her.  Additionally, the docket shows that Lena Ko was never served.  As such, the Court may not grant default as to Lena Ko.

- 2 -

1  On April 10, 2008, Plaintiff filed a complaint against the Defendants. (Dkt. #1).
2 Plaintiff argues in its Complaint that Defendants unauthorized used of the KOI Marks
3 cause great and irreparable damage and injury by (1) depriving Plaintiff of its statutory
4 rights to use and control use of its trademarks, (2) creating a likelihood of confusion,
5 mistake and deception among consumers and the trade as to the source of the infringing
6 products, (3) causing the public falsely to associate Plaintiff with Defendants, (4) causing
7 irreparable damage to Plaintiff's goodwill and dilution of the value of its trademark, and
8 (5) causing Plaintiff to lose sales of its genuine products and services. (Dkt. # 1).
9  Following the filing of Plaintiff's complaint, Defendants KOKA, LLC and Denny
10 Kang were served, but Defendant Lena Ko was unable to be served. (Dkt. #10, 11, 12).
11 Defendants who had been served, then failed to answer the Complaint or otherwise appear
12 in Court. (Dkt. #17). Accordingly, on July 14, 2008, Plaintiff filed a Motion for Default
13 Judgement. (Dkt. #15). Plaintiff has asked the Court for injunctive relief, including that
14 Defendants be enjoined from any further use of the "KOI" designation or any other
15 colorable variants of the KOI Marks, and that Defendants be directed to destroy any
16 printed materials bearing the "KOI" designation. (Dkt. #17, p. 2). In addition, Plaintiff
17 asks the Court to order the institution of a telephone intercept, at Defendants expense, on
18 all incoming calls to Defendants' business. (*Id*.). Lastly, Plaintiff requests the Court to
19 require a transfer of the infringing domain name or that Defendants entirely cease their use
20 of the website. (*Id*.).

21 **II. DISCUSSION**

22  "Entry of default judgment is governed by FRCP 55 and is left to the trial court's
23 sound discretion." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). After entry of
24 default by the Clerk of the Court pursuant to FRCP 55(a), the Court may grant default
25 judgment pursuant to FRCP 55(b)(2). See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.
26 1986) (discussing the sequential two-step process under FRCP 55). Factors that a district
27 court may consider in exercising its discretion include the following:

28

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id., 782 F.2d at 1471-72. After default has been entered by the Clerk of the Court, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). "A party seeking default judgment must state a claim upon which it may recover." See Philip Morris USA, 219 F.R.D. at 494, 501 (C.D. Cal. 2003). Furthermore, a plaintiff must prove all damages sought in the complaint. Philip Morris USA, 219 F.R.D. at 498; Fed. R. Civ. P. 55 (b)(2) ("In determining damages, a court can rely on the declarations submitted by the plaintiff.").

Plaintiff has satisfied the procedural requirements for default judgment against Defendants. Plaintiff submitted a declaration and application for entry of default on July 14, 2008 (Dkt. #15), which prompted the Clerk of the Court to enter default against Defendants on October 15, 2008 (Dkt. #16). Plaintiff's request for relief differs from, but does not exceed that prayed for in the complaint. The application for default judgment complies with the Federal Rules of Civil Procedure. Accordingly, the Court need only analyze the Eitel factors to determine whether default judgement is appropriate in this case.

In considering the Eitel factors, the Court takes all factual allegations in Plaintiff's Complaint as true, except for those relating to damages. Heidenthal, 826 F.2d at 917-18. Under the first factor, Plaintiff will be prejudiced if it is unable to enforce federal trademark infringement and unfair competition laws merely because Defendants refuse to defend an action. Absent entry of a default judgment, Plaintiff will be free to continue advertising under Plaintiff's trademark designation. (Memorandum in Support of Motion for Default Judgment, Dkt. #8, p. 5). As to the second Eitel factor, the Complaint sets

- 4 -

1  forth with great specificity the nature of the allegations leveled against Defendant.
2  (Complaint, Dkt. #1, pp. 5-10).  The complaint is sufficient, both legally and factually; and
3  as such, the Court finds that Plaintiff has demonstrated the merits of the claims.  As to the
4  third factor, Defendants failure to answer constitutes an admission to the averments
5  contained in the complaint under FRCP 8(d), the Court must accept these allegations as
6  true.  As such, the first three Eitel factors favor entry of default judgment against
7  Defendants.
8       Pursuant to the fourth Eitel factor, the Court considers the amount of money at
9  stake in relation to the seriousness of Defendants' conduct.  Eitel, 782 F.2d at 1471-72.
10 Plaintiff has waived all claims to damages, lost profits, attorney fees and cost.
11 (Memorandum in Support of Motion for Default Judgment, Dkt. #8, p. 2, 5).  As such, the
12 Court finds that this factor favors granting default judgment against Defendants.
13      As to the fifth factor, on entry of default all well-pleaded facts in the complaint are
14 taken as true, except those relating to damages.  TeleVideo Sys., Inc., 826 F.2d at 917-18.
15 Defendants have been given a great deal of time to answer Plaintiff's complaint and deny
16 the averments contained therein.  However, Defendants have failed to do so.  Essentially,
17 no dispute has been raised regarding material averments of the complaint and Plaintiff
18 asserts there are none.  (Dkt. #8, p. 5).  Thus, this factor also favors the entry of default
19 against Defendants.
20      The sixth Eitel factor considers the possibility that default resulted from excusable
21 neglect.  On May 20, 2008, Defendants, with the exception of Lena Ko, were served.
22 (Dkt. #10, 11, 12).  Defendants have failed to answer or otherwise plead in response to the
23 complaint, and the period provided for filing such a response under 12(a), as set forth in
24 Rule 4 of the Federal Rules of Civil Procedure, has expired.  As such, the possibility that
25 default resulted from excusable neglect appears to be remote.  Accordingly, this factor
26 favors granting default judgment against Defendants.
27
28
- 5 -

1    "Defendant[s'] failure to answer [Plaintiff's] Complaint makes a decision on the
2 merits impractical, if not impossible.  Under FRCP 55(a), termination of a case before
3 hearing the merits is allowed whenever a defendant fails to defend an action."  Cal. Sec.
4 Cans., 238 F.Supp.2d at 1177.  This is what has occurred in the instant case since
5 Defendants refusal to acknowledge this action renders adjudication on the merits before
6 this Court impracticable.  Thus, the seventh Eitel factor does not preclude the Court from
7 entering default judgment against Defendants.  Accordingly, in light of all Eitel factors,
8 the Court finds that default judgment against Defendants is appropriate.

9    **Accordingly,**

10    **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Dkt.
11 #17) is granted in part.  Default is granted as to Defendants KOKA, LLC and Denny
12 Kang.

13    **IT IS FURTHER ORDERED** that Defendants are permanently restrained and
14 enjoined from:

15    (a)    Selling, offering for sale distributing, advertising, or promoting any goods
16           or services that display and words or symbols that so resembles the KOI
17           Marks as likely to cause confusion, mistake or deception;
18    (b)    Using any word, term, name, symbol, device or combination thereof that
19           causes or is likely to cause confusion, mistake or deception, as to the
20           affiliation or association of Defendant or its goods with Plaintiff or as to
21           the origin of Defendants' goods and services, or any false designation of
22           origin, false or misleading description or representation;
23    (c)    Further infringing the rights of Plaintiff in and to any of its trademarks in
24           its KOI Marks products and services or otherwise damaging Plaintiff's
25           goodwill or business reputation;
26    (d)    Using the "KOI" designation or any colorable variants of the KOI Marks;
27
28

**IT IS FURTHER ORDERED** denying the imposition of a telephone intercept.

**IT IS FURTHER ORDERED** that Defendants entirely cease the use of the domain name <koisushigrill.com>.

**IT IS FURTHER ORDERED** denying Plaintiff's request to force a transfer of the allegedly infringing domain name.

**IT IS FURTHER ORDERED** directing Plaintiff to file a status with regards to Lena Ko within <u>10 business days</u> of this Order, otherwise the Court will dismiss the Complaint against her.

DATED this 24th day of November, 2008.

_____
Mary H. Murguia
United States District Judge